# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DeVON, | 1:07-cv-01727-AWI-GSA-PC |
| Plaintiff, | ORDER DISMISSING FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH ONE FINAL OPPORTUNITY TO AMEND |
| v. | |
| DIAZ, et al., | (Doc. 26.) |
| Defendants. | THIRTY DAY DEADLINE TO FILE FIFTH AMENDED COMPLAINT |
| _____ / | |

**I.   BACKGROUND**

Alan DeVon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 29, 2007. (Doc. 1.) On February 8, 2008, Plaintiff filed the First Amended Complaint. (Doc. 12.) On April 22, 2008, Plaintiff requested leave to amend the complaint, which was granted by the Court, and the Second Amended Complaint was filed on June 27, 2008. (Docs. 13, 15, 16.) On October 27, 2008, Plaintiff requested leave to amend the complaint, which was granted by the Court, and the Third Amended Complaint was filed on March 2, 2009. (Docs. 17, 22, 23.) The Court screened the Third Amended Complaint pursuant to 28 U.S.C. § 1915A and entered an order on December 9, 2009, dismissing the Third Amended Complaint for failure to state a claim, with leave to amend. (Doc. 24.) On December 23, 2009, Plaintiff filed the Fourth Amended Complaint, which is now before the Court for screening. (Doc. 26.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FOURTH AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California State Prison-Los Angeles in Lancaster, California. The events at issue allegedly occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. In the Fourth Amended Complaint, Plaintiff names defendants R. Diaz (Warden), Lieutenant ("Lt.") Atkins, J. Prudhomme (Warden), and CCII A. Fouch ("Defendants"). Plaintiff requests monetary damages and injunctive relief via an order requiring training in state prisons addressing the American With Disabilities Act ("ADA").

1   Plaintiff alleges as follows in the Fourth Amended Complaint.

2   ### *Ad-Seg Detention*

3   Plaintiff was detained in administrative segregation ("Ad-Seg") for three days and nights by
4   Warden R. Diaz because of Plaintiff's suspected involvement in an incident concerning a lost food
5   tray. Upon realizing that Plaintiff was hearing-impaired and therefore had no involvement in the
6   incident, Warden R. Diaz removed Plaintiff from Ad-Seg. As a result of his detention, Plaintiff lost
7   property and his job, and suffered emotional distress.

8   ### *Kosher Foods*

9   Lt. Atkins and Warden J. Prudhomme denied Plaintiff his religious right to eat Kosher foods.
10  Plaintiff was also denied Kosher foods when Warden R. Diaz placed him in Ad-Seg. Plaintiff lost
11  twenty-one pounds and was on the verge of a heart stoppage.

12  ### *Medical Care*

13  Lt. Atkins denied Plaintiff medical care when he lost his mobility. Defendants let Plaintiff
14  lie "man down" for more than eighteen hours, laughed at him, and let him lie on the floor in pain.
15  Now it has been proven that Plaintiff has a herniated disc in his back.

16  ### *Access to Phone*

17  For more than a year, Plaintiff was denied access to the T.D.D. phone. Warden R. Diaz, CCII
18  Fouch, and Warden J. Prudhomme discriminated against Plaintiff by not providing ADA telephone
19  access.

20  **IV.    PLAINTIFF'S CLAIMS**

21  The Civil Rights Act under which this action was filed provides:

22  > Every person who, under color of [state law] . . . subjects, or causes
23  > to be subjected, any citizen of the United States . . . to the deprivation
     > of any rights, privileges, or immunities secured by the Constitution .
     > . . shall be liable to the party injured in an action at law, suit in equity,
24   > or other proper proceeding for redress.

25  42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
26  Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
27  (internal quotations omitted).

28  ///

3

A.     **Violation of Rule 18**

Plaintiff alleges multiple claims in the Fourth Amended Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff was instructed in the Court's Screening Order of December 9, 2009, not to pursue unrelated claims in his amended complaint. Despite the Court's admonition, Plaintiff's Fourth Amended Complaint recites distinctly different events involving different defendants, in violation of Rule 18(a). At this juncture, the Court would ordinarily recommend that this action proceed on some related claims, and that the unrelated claims be dismissed. However, as discussed below, the Court finds that Plaintiff fails to state any cognizable claims in the Fourth Amended Complaint. Therefore, Plaintiff shall be granted one, final opportunity to amend the complaint to state a claim and to comply with Rule 18.

B.     **Due Process**

Plaintiff appears to allege that his rights to due process were violated when he was detained in Ad-Seg and lost his job and property.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).

///

4

***Ad-Seg Detention***

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff fails to establish the existence of a protected liberty interest in remaining free from Ad-Seg. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on his detention in Ad-Seg.

***Loss of Personal Property***

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable

5

under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that his property was lost as a result of his detention in Ad-Seg, which indicates that the deprivation of property was unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### *Loss of Prison Job*

Plaintiff alleges that he lost his prison job as a result of his detention in Ad-Seg. Plaintiff does not have a liberty interest in his prison job, Sandin, 515 U.S. at 484, nor does Plaintiff have a property interest in his prison job, see Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because Plaintiff has neither a liberty interest nor a property interest in his prison job, Plaintiff was not entitled to any procedural due process

protections in conjunction with the loss of his job. Further, Plaintiff has alleged no facts suggesting that he was removed from the job on a basis that infringed upon any constitutionally protected interests. Vignolo, 120 F.3d at 1077. Accordingly, Plaintiff's allegations fail to give rise to a cognizable claim for relief under § 1983 for violation of the Due Process Clause, or for any other constitutional violation.

### C. First Amendment

Plaintiff alleges that Lt. Atkins and Warden J. Prudhomme denied Plaintiff his religious right to eat Kosher foods and to fellowship. Plaintiff also alleges that he was denied Kosher foods when Warden R. Diaz placed him in Ad-Seg. Plaintiff asserts that he lost twenty-one pounds and was "on [the] verge of a heart stoppage." Fourth Amd Cmpl at 3 ¶IV. Plaintiff sets forth claims under the First Amendment and RLUIPA.[1]

#### 1. RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

Here, Plaintiff alleges that Lt. Atkins and Warden J. Prudhomme denied Plaintiff his religious right to eat Kosher foods and to fellowship. The nature of Plaintiff's deprivation of fellowship is not clear, and Plaintiff has not alleged any facts suggesting that the deprivation of fellowship or Kosher

---

[1] Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc.

7

foods substantially burdened his religious exercise. Plaintiff does not assert that he is Jewish, and he does not indicate whether the deprivation of Kosher foods or fellowship was permanent, or how long he was without Kosher foods or fellowship. A single allegation that Plaintiff was refused Kosher foods or fellowship on one occasion does not state a claim for relief.

Plaintiff also alleges that he was denied Kosher foods in the Ad-Seg after being placed there by Warden R. Diaz. In this instance, Plaintiff fails to state a claim because he does not identify the individual(s) who denied him Kosher foods in Ad-Seg. The Court cannot direct service upon unnamed defendants. Further, Plaintiff does not specify how the conduct of the unidentified defendant(s) burdened the practice of his religious belief. Plaintiff fails to allege any facts suggesting this deprivation was a substantial burden on the exercise of his religion. Plaintiff alleges he was detained in Ad-Seg for three days and nights, but he does not allege that he was denied Kosher foods for the entire three-day period. Plaintiff must allege facts indicating how the deprivation substantially burdened the exercise of Plaintiff's religious belief.

As to the conduct by Wardens J. Prudhomme and R. Diaz, the Wardens cannot be held liable on a theory of respondeat superior. Plaintiff must allege facts indicating that the Wardens personally participated in the deprivation. Plaintiff has failed to do so here.

Based on the foregoing, the Court finds that Plaintiff fails to state a claim for relief under RLUIPA.

### 2. First Amendment

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he

8

1  sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir.
2  2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d
3  at 884-85. "In order to establish a free exercise violation, [a prisoner] must show the defendants
4  burdened the practice of his religion, by preventing him from engaging in conduct mandated by his
5  faith, without any justification reasonably related to legitimate penological interests." Freeman v.
6  Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). "In order to reach the level of a constitutional violation,
7  the interference with one's practice of religion 'must be more than an inconvenience; the burden
8  must be substantial and an interference with a tenet or belief that is central to religious doctrine.'"
9  Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

10  Here, as in Plaintiff's RLUIPA claim, Plaintiff fails to allege any facts indicating that he was
11  substantially burdened in his religious practice. Plaintiff fails to indicate whether he was
12  permanently or temporarily deprived of Kosher foods or fellowship. An allegation that Plaintiff was
13  temporarily deprived of a religious item or practice, with nothing more, fails to state a claim for
14  relief. Plaintiff must allege some facts indicating that the practice of his religious belief was
15  substantially burdened. Plaintiff has not done so. Therefore, Plaintiff fails to state a claim for
16  violation of his First Amendment rights to exercise his religion.

17  **D.     Eighth Amendment -- Inadequate Medical Care**

18  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
19  must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
20  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part
21  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
22  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
23  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
24  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
25  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
26  Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
27  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
28  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be

manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that Lt. Atkins denied Plaintiff medical care when he lost his mobility, and that Defendants let Plaintiff lie "man down" for more than eighteen hours, laughed at him, and let him lie on the floor in pain.  Plaintiff asserts that he had a herniated disc in his back, which he alleges has now been proven.

Plaintiff has not alleged facts showing that Lt. Atkins knew Plaintiff had a serious medical need, nor has Plaintiff specified how Lt. Atkins' conduct deprived him of medical care.

With respect to Plaintiff being left on the floor in pain, Plaintiff has not identified which of the Defendants left him there or under what circumstances.  Although Plaintiff may be able to state a claim for being forced to lie down on the floor in pain without medical attention for eighteen hours, he has not alleged sufficient facts in the Fourth Amended Complaint to do so. Plaintiff does not allege facts indicating that Defendants knew he was in pain and required assistance, or that Defendants meant to leave him on the floor for eighteen hours.  Plaintiff's facts suggest that his herniated disk had not been diagnosed at the time of the incident, which would indicate that Defendants did not know about it.

To state a claim, Plaintiff must identify a defendant or defendants and allege facts showing that the defendant(s) purposely acted or failed to respond, knowing of Plaintiff's serious pain or possible medical need.  Plaintiff has not done so.  Therefore, Plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment against any of the Defendants.

**E.     Eighth Amendment -- Adverse Conditions of Confinement**

Plaintiff alleges that Defendants denied him Kosher foods, and he lost twenty-one pounds and  was "on [the] verge of a heart stoppage."  Fourth Amd Cmpl at 3 ¶IV.

///

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). However, "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff does not indicate whether, or how, his loss of weight or heart problem resulted from Defendants' denial of Kosher foods. Further, Plaintiff fails to identify which of the Defendants acted to violate his rights. Plaintiff's allegations are not sufficient to demonstrate that any of the Defendants knew of and disregarded a substantial risk of serious harm to the Plaintiff. Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Eighth Amendment.

**F.     ADA Claim**

Plaintiff alleges that for more than a year, he was denied access to the T.D.D. phone, and that Warden R. Diaz, CCII Fouch, and Warden J. Prudhomme discriminated against him by not providing ADA telephone access.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must

show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

"'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

Individual liability is precluded under Title II of the ADA. Any claim Plaintiff might intend to make under the ADA against Defendants, all who are individuals, is not cognizable. Moreover, in order to state a claim under the ADA, Plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong, 124 F.3d at 1023. Plaintiff has alleged no such exclusion or denial. Thus, Plaintiff fails to state a claim under the ADA.

## V. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff fails to state any claims in the Fourth Amended Complaint upon which relief may be granted under § 1983 against any of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with **one final opportunity** to file an amended complaint that states a claim. Plaintiff is granted leave to file a Fifth Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Fifth Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555).

1  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his
2  rights.  Jones, 297 F.3d at 934 (emphasis added).
3        Plaintiff is cautioned that he is being granted **one final opportunity** to amend the complaint
4  to state a cognizable claim.  If Plaintiff fails to state any claims in the Fifth Amended Complaint, the
5  Court will recommend that this entire action be dismissed, with prejudice.  Plaintiff is advised to
6  carefully read this order so that he understands the deficiencies he must cure.  As discussed above,
7  for each violation of his rights, Plaintiff must name the defendant or defendants who acted against
8  him, give facts explaining what the defendant(s) did or failed to do and the circumstances
9  surrounding the defendants' actions,  and discuss what injuries, if any, he suffered as a result.  The
10  Court has set forth legal standards which appear to apply to Plaintiff's claims, to assist Plaintiff.
11  Plaintiff has now filed five complaints in this action without stating any claims.  However, it appears
12  that Plaintiff may be able to state a claim based on the allegation that he was left immobile on the
13  floor in pain for eighteen hours.  To state a viable claim for relief, Plaintiff must set forth sufficient
14  factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50.
15  Plaintiff is forewarned that this will be his **last chance** to amend the complaint to state a claim in this
16  action.
17        Plaintiff must not add any new, unrelated claims and should take care to include only those
18  claims that have been administratively exhausted.
19        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
20  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
21  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an
22  amended complaint is filed, the original complaint no longer serves any function in the case.
23  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
24  of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly
25  titled "Fifth Amended Complaint," refer to the appropriate case number, and be an original signed
26  under penalty of perjury.
27  ///
28  ///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Fourth Amended Complaint, filed on December 23, 2009, is dismissed for failure to state a claim, with **one final opportunity** to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Fifth Amended Complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "Fifth Amended Complaint" and refer to the case number 1:07-cv-01727-AWI-GSA-PC ;
5. If Plaintiff fails to comply with this order, it will be recommended that this action be dismissed.

IT IS SO ORDERED.

Dated: **April 1, 2011**          /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE