**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DeVON, | 1:07-cv-01727-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON THE FIFTH AMENDED COMPLAINT AGAINST DEFENDANTS ATKINS AND CARLSON, ON PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| DIAZ, et al., | |
| Defendants. | |
| | (Doc. 31.) |
| | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.     BACKGROUND**

Alan DeVon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 29, 2007. (Doc. 1.) On February 8, 2008, Plaintiff filed the First Amended Complaint. (Doc. 12.) On April 22, 2008, Plaintiff requested leave to amend the complaint, which was granted by the Court, and the Second Amended Complaint was filed on June 27, 2008. (Docs. 13, 15, 16.) On October 27, 2008, Plaintiff requested leave to amend the complaint, which was granted by the Court, and the Third Amended Complaint was filed on March 2, 2009. (Docs. 17, 22, 23.) The Court screened the Third Amended Complaint pursuant to 28 U.S.C. § 1915A and entered an order on December 9, 2009, dismissing the Third Amended Complaint for failure to state

1

a claim, with leave to amend. (Doc. 24.) On December 23, 2009, Plaintiff filed the Fourth Amended Complaint. (Doc. 26.) On April 1, 2011, the Court dismissed the Fourth Amended Complaint for failure to state a claim, with one final opportunity to amend. (Doc. 30.) On April 25, 2011, Plaintiff filed the Fifth Amended Complaint, which is now before the Court for screening. (Doc. 31.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF FIFTH AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California State Prison-Los Angeles in Lancaster, California. The events at issue allegedly occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. In the Fifth

Amended Complaint, Plaintiff names defendants R. Diaz (Warden), Lieutenant ("Lt.") Atkins, J. Prudhomme (Warden), CCII A. Fouch, and Nurse Carlson. Plaintiff requests monetary damages.

Plaintiff alleges as follows. On September 10, 2008, at 6:15 a.m., Lieutenant T. Atkins came to Plaintiff's cell to weigh Plaintiff because Plaintiff had been refusing non-Kosher food trays during the past two months. Plaintiff was "man-down" in his cell lying on the floor with serious back pain and could not get up to weigh himself. Sgt. Jonas (not named as a defendant) and Lt. Atkins accompanied a nurse to check on Plaintiff. The nurse asked Jonas and Atkins whether Plaintiff appeared to be in serious distress. They decided not to call medical staff. Lt. Atkins and the nurse told Plaintiff they would weigh him when he decided to get up off the floor, and then they left. When the counting officer came by, Plaintiff pleaded for medical help.

Plaintiff had previously been evaluated by the primary care physician, who found an unusual bulge in Plaintiff's lower back, and Plaintiff was scheduled for a MRI test. However, the MRI test had not been done before Plaintiff was found on the floor.

Plaintiff remained stretched out on the floor for hours, unable to stand, eat, or take himself to the bathroom. At 2:00 p.m., the Second Watch staff left, leaving word that Plaintiff should not be taken to the emergency room. Lt. Atkins told medical staff and the Third Watch administration to leave Plaintiff on the floor and that eventually Plaintiff would get up by himself. Plaintiff was left unattended for several more hours. At 11:00 p.m., Plaintiff cried out to the First Watch staff, who contacted Sgt. Williams (not named as a defendant). C/O Alverado (not named as a defendant) told Plaintiff that Lt. Atkins and the medical staff had told them not to help Plaintiff. Sgt. Williams ordered Nurse Carlson to come and evaluate Plaintiff's condition.

Plaintiff told Nurse Carlson he had radiating pain shooting from his neck down his back to his left leg, but she (Carlson) did not notify the doctor who was on call. Nurse Carlson told the correctional staff not to assist in lifting Plaintiff from the cell floor, that Plaintiff would have to crawl to the ambulance. Plaintiff was ordered to crawl or he would not be given treatment. When his cell door opened, Plaintiff held his breath and made every attempt to move himself over the threshold. C/O Alverado had the emergency ENTs come back to E-Facility, and Plaintiff was again told by Carlson to get up and crawl to them. Plaintiff attempted to crawl, without success. Sgt. Williams

3

told Carlson he felt that Plaintiff was in genuine distress, and that staff was available to carry Plaintiff on the gurney, but Carlson refused to allow it. Plaintiff was left on the cell floor until he complained of chest pain to get medical attention. Sgt. Williams had C/O Alverado and another staff member pick Plaintiff up in a cradle position, pinching the nerve in Plaintiff's back. Plaintiff screamed out in pain. Nurse Carlson told the transportation team that Plaintiff was not in distress and nothing was wrong with him. Plaintiff was finally placed on a bed and taken to CSATF CTC Medical.

An EKG was done, and Plaintiff's heart was normal. A nerve had slipped in the disc of Plaintiff's lower back at L4 and L5. Plaintiff experienced numbness along his entire left side.

Nurse Carlson, Lt. Atkins, Warden J. Prudhomme and Warden R. Diaz all failed to check Plaintiff's records which were available on file. CCII Fouch told Plaintiff that it was Warden Prudhomme who caused the deliberate indifference by placing Plaintiff in the hole and depriving him of [Kosher] foods. Plaintiff spent over eighteen hours on the floor. Now Plaintiff needs assistive devices – canes, back braces, medications for pain (morphine and Methadone) and physical therapy – to walk more than 100 yards. His injuries are worse because the staff refused him medical attention. Plaintiff lost his mobility and became ADA- and disability- verified, needing more and more medications and treatments.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

///

**A.     Defendants Fouch, Diaz and J. Prudhomme**

Plaintiff names CCII Fouch as a defendant. Plaintiff's only allegation against CCII Fouch is that CCII Fouch told Plaintiff that it was Warden Prudhomme who caused the deliberate indifference by placing Plaintiff in the hole and depriving him of [Kosher] foods. This allegation, without more, is insufficient to state any claim against CCII Fouch.

Plaintiff also names Warden R. Diaz and Warden J. Prudhomme as defendants. Plaintiff's only allegations against these defendants is that they failed to check Plaintiff's records which were available on file. These allegations, without more, are not sufficient to state any claim against Warden Diaz or Warden Prudhomme.

To the extent that Plaintiff seeks to hold the Wardens liable in their supervisory capacity on the theory of respondeat superior, Plaintiff is unable to do so. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

Accordingly, Plaintiff fails to state any claims against defendants Fouch, Diaz or Prudhomme upon which relief may be granted.

///

///

**B.     Eighth Amendment – Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

The Court finds that Plaintiff states a cognizable claim for inadequate medical care under the Eighth Amendment against defendants Lieutenant Atkins and Nurse Carlson.  However, Plaintiff fails to state a cognizable Eighth Amendment medical care claim against any of the other defendants.

**V.     CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the Court finds that Plaintiff states a cognizable Eighth Amendment claim against defendants Lieutenant Atkins and Nurse Carlson for inadequate medical care.  However, the Court finds that Plaintiff fails to state any other claims upon which relief may be granted under § 1983.  In this action, Plaintiff has now filed six complaints, with guidance by the Court.  Based on this record and the facts set forth in the Fifth Amended Complaint, the Court finds

///

that further leave to amend is not warranted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action proceed with the Fifth Amended Complaint filed on April 25, 2011, on Plaintiff's Eighth Amendment medical claim found cognizable by the Court against defendants Atkins and Carlson;

2. All remaining claims and defendants be dismissed, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

3. Plaintiff's claims, if any, for supervisory liability be dismissed from this action, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

4. Defendants Fouch, Davis, and Prudhomme be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them under § 1983; and

5. This action be referred back to the Magistrate Judge for further proceedings, including initiation of service.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 29, 2011**              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE