1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALAN DeVON,                              1:07-cv-01727-AWI-GSA-PC

            Plaintiff,          **AMENDED SECOND INFORMATIONAL**
**ORDER - NOTICE AND WARNING OF**
v.                                       **REQUIREMENTS FOR OPPOSING**
**DEFENDANTS' MOTION TO DISMISS**
DIAZ, et al.,
(Doc. 41)
           Defendants.
_____/

     Plaintiff is proceeding pro se in this civil action.  Defendants filed a motion to dismiss for failure to exhaust and failure to state a claim on October 18, 2011, and pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

     1.  Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

     2.  Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss.  Local Rule 230(l).  If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.  The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion.  Id.

     3.  Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint.  The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988)

1   (per curiam)).  In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the

2   pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20 (quoting Ritza, 837 F.2d

3   at 368).  If the Court concludes that Plaintiff has not exhausted the administrative remedies, the

4   unexhausted claims must be dismissed and the Court will grant the motion to dismiss.  Wyatt, 315

5   F.3d at 1120.  If all of the claims are unexhausted, the case will be dismissed, which means

6   Plaintiff's case is over.  If some of the claims are exhausted and some are unexhausted, the

7   unexhausted claims will be dismissed and the case will proceed forward only on the exhausted

8   claims.  Jones v. Bock, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007).  A dismissal for

9   failure to exhaust is without prejudice.  Wyatt, 315 F.3d at 1120.

10          If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust

11  the administrative remedies, Plaintiff may not simply rely on allegations in the complaint.  Instead,

12  Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting

13  other evidence regarding the exhaustion of administrative remedies.  See Fed. R. Civ. P. 43(c); Ritza,

14  837 F.2d at 369.  If Plaintiff does not submit his own evidence in opposition, the Court may conclude

15  that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole

16  or in part.

17          4.  Unsigned declarations will be stricken, and declarations not signed under penalty of

18  perjury have no evidentiary value.

19          5.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure,

20  or the Local Rules of the Eastern District of California may result in the imposition of sanctions

21  including but not limited to dismissal of the action or entry of default.

22

23      IT IS SO ORDERED.

24  **Dated:   August 23, 2012**          _____**/s/ Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                          2