1

2

3

4

5

6

7

8      **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ALAN DeVON,                              1:07-cv-01727-AWI-GSA-PC

12                        Plaintiff,          FINDINGS AND RECOMMENDATIONS,
                                              RECOMMENDING THAT DEFENDANTS'
13       v.                                   MOTION TO DISMISS FOR FAILURE TO
                                              EXHAUST BE GRANTED, DISMISSING THIS
14   DIAZ, et al.,                            ACTION IN ITS ENTIRETY
                                              (Doc. 41.)
15                        Defendants.
                                              OBJECTIONS, IF ANY, DUE IN THIRTY
16                                            DAYS

17   _____/

18   **I.     BACKGROUND**

19          Alan DeVon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

20   pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at California State Prison-Los

21   Angeles in Lancaster, California.  The events at issue allegedly occurred at the California Substance

22   Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, when Plaintiff was

23   incarcerated there.  Plaintiff filed the Complaint commencing this action on November 29, 2007.

24   (Doc. 1.)  This action now proceeds with the Fifth Amended Complaint filed on April 25, 2011,

25   against defendants Lieutenant T. Akin[1] and Nurse Carlson ("Defendants"), for inadequate medical

26   care in violation of the Eighth Amendment.  (Doc. 31.)

27

28          [1]Plaintiff spells defendant's name as "Atkins" in the Fifth Amended Complaint.  Defendant has corrected the
     spelling to "Akin."

                                                1

1    On October 18, 2011, Defendants filed a motion to dismiss this action for failure to exhaust

2    administrative remedies. (Doc. 41.) On April 12, 2012, Plaintiff filed an opposition to the motion.

3    (Doc. 43.)  On April 19, 2012, Defendants filed a reply to the opposition.  (Doc. 44.)  On May 1,

4    2012, Plaintiff filed a surreply.  (Doc. 45.)  On May 4, 2012, Defendants filed a reply to the surreply.

5    (Doc. 46.)  On July 26, 2012, Plaintiff filed another surreply.  (Doc. 48.)  On August 23, 2012, the

6    Court issued an order striking Plaintiff's two surreplies and permitting Plaintiff to withdraw his

7    opposition and file an amended opposition, in light of a separately issued Notice served upon

8    Plaintiff by the Court pursuant to the Ninth Circuit's decision in Woods v. Carey, 684 F.3d 934, 940

9    (9th Cir 2012). (Docs. 49, 50.)

10    On  September 10, 2012, Plaintiff withdrew his previously-filed opposition and filed an

11    amended opposition to Defendants' motion to dismiss.  (Doc. 51.)  On September 19, 2012,

12    Defendants filed an amended reply.[2] (Doc. 52.)  Defendants' motion to dismiss is now before the

13    Court.

14    **II.    STATUTORY EXHAUSTION REQUIREMENT**

15    Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall

16    be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

17    a prisoner confined in any jail, prison, or other correctional facility until such administrative

18    remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust

19    the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127

20    S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

21    Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief

22    offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the

23    exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S.

24    516, 532, 122 S.Ct. 983 (2002).

25    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

26    defense under which Defendants have the burden of raising and proving the absence of exhaustion.

27

28    [2]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 9, 2012 and August 23, 2012.  Woods, 684 F.3d 934; Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Docs. 47, 49.)

1   Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt, 315 F.3d at1119.  The failure to exhaust nonjudicial

2   administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion,

3   rather than a summary judgment motion.    Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l

4   Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In

5   deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

6   beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

7   concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

8   dismissal without prejudice.  Id.

9   **III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

10          Plaintiff alleges as follows in the Fifth Amended Complaint.  On September 10, 2008, at 6:15

11  a.m., at SATF, Lieutenant T. Atkins came to Plaintiff's cell to weigh Plaintiff because Plaintiff had

12  been refusing non-Kosher food trays during the past two months.  Plaintiff was "man-down" in his

13  cell lying on the floor with serious back pain and could not get up to weigh himself.  Sgt. Jonas (not

14  named as a defendant) and Lt. Atkins accompanied a nurse to check on Plaintiff.  The nurse asked

15  Jonas and Atkins whether Plaintiff appeared to be in serious distress.  They decided not to call

16  medical staff.  Lt. Atkins and the nurse told Plaintiff they would weigh him when he decided to get

17  up off the floor, and then they left.  When the counting officer came by, Plaintiff pleaded for medical

18  help.

19          Plaintiff had previously been evaluated by the primary care physician, who found an unusual

20  bulge in Plaintiff's lower back, and Plaintiff was scheduled for a MRI test.  However, the MRI test

21  had not been done before Plaintiff was found on the floor.

22          Plaintiff remained stretched out on the floor for hours, unable to stand, eat, or take himself

23  to the bathroom.  At 2:00 p.m., the Second Watch staff left, leaving word that Plaintiff should not

24  be taken to the emergency room.  Lt. Atkins told medical staff and the Third Watch administration

25  to leave Plaintiff on the floor and that eventually Plaintiff would get up by himself.  Plaintiff was left

26  unattended for several more hours.  At 11:00 p.m., Plaintiff cried out to the First Watch staff, who

27  contacted Sgt. Williams (not named as a defendant).  C/O Alverado (not named as a defendant) told

28  ///

Plaintiff that Lt. Atkins and the medical staff had told them not to help Plaintiff.  Sgt. Williams ordered Nurse Carlson to come and evaluate Plaintiff's condition.

Plaintiff told Nurse Carlson he had radiating pain shooting from his neck down his back to his left leg, but she (Carlson) did not notify the doctor who was on call.  Nurse Carlson told the correctional staff not to assist in lifting Plaintiff from the cell floor, that Plaintiff would have to crawl to the ambulance.  Plaintiff was ordered to crawl or he would not be given treatment.  When his cell door opened, Plaintiff held his breath and made every attempt to move himself over the threshold. C/O Alverado had the emergency ENTs come back to E-Facility, and Plaintiff was again told by Carlson to get up and crawl to them.  Plaintiff attempted to crawl, without success.  Sgt. Williams told Carlson he felt that Plaintiff was in genuine distress, and that staff was available to carry Plaintiff on the gurney, but Carlson refused to allow it.  Plaintiff was left on the cell floor until he complained of chest pain to get medical attention.  Sgt. Williams had C/O Alverado and another staff member pick Plaintiff up in a cradle position, pinching the nerve in Plaintiff's back.  Plaintiff screamed out in pain.  Nurse Carlson told the transportation team that Plaintiff was not in distress and nothing was wrong with him.  Plaintiff was finally placed on a bed and taken to CSATF CTC Medical.

An EKG was done, and Plaintiff's heart was normal.  A nerve had slipped in the disc of Plaintiff's lower back at L4 and L5.  Plaintiff experienced numbness along his entire left side.

Nurse Carlson, Lt. Atkins, Warden J. Prudhomme and Warden R. Diaz all failed to check Plaintiff's records which were available on file.  CCII Fouch told Plaintiff that it was Warden Prudhomme who caused the deliberate indifference by placing Plaintiff in the hole and depriving him of [Kosher] foods.  Plaintiff spent over eighteen hours on the floor.  Now Plaintiff needs assistive devices – canes, back braces, medications for pain (morphine and Methadone) and physical therapy – to walk more than 100 yards.  His injuries are worse because the staff refused him medical attention.  Plaintiff lost his mobility and became ADA- and disability- verified, needing more and more medications and treatments.

///

///

**IV.    MOTION TO DISMISS FOR FAILURE TO EXHAUST**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5.  The process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level, and in 2008, appeals were required to be submitted within fifteen working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.  Id. at §§ 3084.5, 3084.6(c) (West 2008).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

### *Defendants' Motion*

Defendants Akin and Carlson argue that Plaintiff's claims against them should be dismissed from this action because Plaintiff failed to exhaust his administrative remedies with regard to those claims before filing suit.

Defendants rely on Plaintiff's evidence that he filed an inmate appeal, Log number SATF-08-04985, on September 17, 2008, addressing the events of September 10, 2008 at issue in this lawsuit. (Plaintiff's Production of Exhaustion Documents, Doc. 40, at 3; Exhibits to Deft's Motion, Doc. 41-1 at 7.)  Defendants argue that Plaintiff failed to complete the appeals process because the appeal was rejected as untimely at the Third Level of review pursuant to 15 Cal.Code.Reg. 3084(c)(6). (Doc. 40 at 11; Doc. 41-1 at 14.)  With respect to Plaintiff's claims against defendant Akin, Defendants argue that Plaintiff failed to mention defendant Akin by name in appeal SATF-08-04985, and the appeal did not contain any of the allegations which Plaintiff makes against defendant Akin in the Fifth Amended Complaint.  (Doc. 40 at 3-11; Doc 41-1 at 6-14.)  Defendants argue that Plaintiff did not file any other appeals arising out of the September 10, 2008 incident that refer to defendants Carlson or Akin.

///

***Plaintiff's Opposition***

The Court looks to Plaintiff's Amended Opposition filed on September 10, 2012, Plaintiff's Production of Exhaustion Documents filed on October 12, 2011, and Plaintiff's six complaints filed on November 29, 2007, February 8, 2008, June 27, 2008, March 2, 2009, December 23, 2009, and April 25, 2011.[3] (Docs. 1, 12, 16, 23, 26, 31, 40, and 51.)

In his Amended Opposition, Plaintiff asserts that the three-month delay in submission of the inmate appeal for Third Level review was not his fault. Plaintiff asserts that staff caused the delay, preventing him from submitting the appeal during the fifteen-day filing period. (Amd. Opp'n, Doc, 51 at 1-2.) Plaintiff provides copies of the appeal as evidence, to show that the Second Level response was completed on July 6, 2009, and that Plaintiff's reply was sent to the Third Level on July 20, 2009, but not stamped received until October 30, 2009. (Id., Exh. A at 5, 7.)

***Discussion***

The parties agree that on September 17, 2008, Plaintiff filed an inmate appeal concerning the events of September 10, 2008 at issue in this case, but that the appeal was rejected as untimely at the Third Level of review. Plaintiff had fifteen days from the date he received the Second Level response in which to file an appeal to the Third Level. Cal. Code Regs., tit. 15 § 3084.6(c) (West 2008). The parties' documentary evidence shows Plaintiff's signature dated July 20, 2009 on his written appeal to the Third Level; however, the appeal was not stamped "received" at the Third Level until October 30, 2008. (Doc. 40 at 4-5; Doc. 41-1 at 7-8; Doc. 51 at 5,7.) Plaintiff's argument that the delay in submission of the appeal to the Third Level was caused by staff is unpersuasive. Plaintiff declares that:

---

[3]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the complaints under penalty of perjury. (Doc. 1 at 4; Doc. 12 at 3; Doc. 16 at 4; Doc. 23 at 4; Doc. 26 at 3; Doc. 31 at 4.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits. Plaintiff's amended opposition was also signed under penalty of perjury and is therefore admissible evidence. (Doc. 51 at 3.) While Plaintiff's Production of Exhaustion Documents (Doc. 40) was not signed under penalty of perjury, Defendants have requested the court to take judicial notice of this document and all attachments thereto. (Doc. 41-1.) The court may take judicial notice of court records and administrative records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981); see United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) (a court may consider such materials without converting a motion to dismiss into a motion for summary judgment); Fed. R. Evid. 201 (a court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1
2
3
4

 "Upon receipt of appeal from the 2 Lvl. of the appeal (3) months delayed was no fault of Plaintiff. . .   Staff delayed the time constraints creating an exception to not have the opportunity to submit grievance during the 15-day filing period.  See Appeal attached as Exhibit. "A".  Due date on 2nd Lvl. review was June 18, 2009, appeal completed by 2nd Lvl. reviewer July 6, 2009.  The appeal was mailed to the 3rd Lvl for review July 20, 2009 and it was stamped received @ Third Lvl. on October 30, 2009 then completed as untimely on December 1, 2009."

5

(Amd. Opp'n, Doc. 51 at 2-3.)  While Plaintiff's evidence shows that he *signed* the appeal on July

6

20, 2009, and the appeal was *received* at the Third Level on October 30, 2009, Plaintiff provides no

7

evidence to support his statement that the appeal was *mailed* for Third Level review on July 20,

8

2009.  Plaintiff provides no evidence to support his contention that staff somehow delayed the

9

submission of his appeal.  The more plausible conclusion is that Plaintiff waited too long to mail the

10

appeal after signing it on July 20, 2009.  In any event, Plaintiff fails to overcome Defendants'

11

evidence that he failed to exhaust the remedies available to him.

12

Moreover, even if Plaintiff had exhausted all of his remedies via appeal SATF-08-04985,

13

Plaintiff failed to exhaust his remedies before filing suit.  Plaintiff filed the original Complaint for

14

this action on November 29, 2007, but he did not submit appeal SATF-08-04985 until September

15

17, 2008, nearly a year later.  Moreover, Plaintiff's allegations against Defendants Akin and Carlson

16

did not arise until September 10, 2008, *after* Plaintiff filed suit, making it impossible for Plaintiff

17

to exhaust remedies before filing suit.

18

Plaintiff provides evidence that he filed two other appeals, SATF-08-05507 and SATF-08-

19

05509, on October 15, 2008.  (Doc. 40 at 12-32.)  However, neither of these appeals concerned the

20

events of September 10, 2008 upon which this case proceeds.

21

Based on the evidence, the Court finds that Plaintiff failed to exhaust the administrative

22

remedies available to him before filing suit, with respect to his claims in this action against

23

defendants Akin and Carlson.  Therefore, defendants Akin and Carlson are entitled to dismissal of

24

the claims against them and dismissal of this action in its entirety.

25

**V.    CONCLUSION AND RECOMMENDATION**

26

Defendants Akin and Carlson have met their burden of demonstrating that Plaintiff failed to

27

exhaust his remedies with regard to Plaintiff's allegations against them prior to filing suit, in

28

compliance with § 1997e(a).  Defendants have shown an absence in the official records of any

evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning his allegations in the complaint against defendants Akin and Carlson in this action.   Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement, nor has Plaintiff submitted evidence that he exhausted all of the remedies available to him before filing suit.   Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed October 18, 2011, be granted, and the claims against Defendants in this action be dismissed based on Plaintiff's failure to exhaust, dismissing this action in its entirety without prejudice.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).   Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 24, 2012                    /s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE